# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                              |   |                              |
|------------------------------|---|------------------------------|
| **UNITED STATES OF AMERICA,** | ) |                              |
|                              | ) |                              |
| v.                           | ) | Criminal No. 02-0007 (ESH)   |
|                              | ) |                              |
| **TERRENCE J. PRESIDENT,**   | ) |                              |
|                              | ) |                              |
| **Defendant.**               | ) |                              |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on an amendment to the United States Sentencing Guidelines. (Mot. to Reduce Sentence, Oct. 28, 2008 [dkt. #40].) For the reasons stated herein, that motion will be granted in part and denied in part.

## BACKGROUND

On May 30, 2002, defendant pled guilty to one count of unlawful possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) and one count of unlawful possession with intent to distribute more than 5 grams or more of cocaine base ("crack" cocaine), in violation of 21 U.S.C. 841(a)(1) and (b)(b)(1)(B)(iii). Under the applicable Sentencing Guidelines, defendant had an offense level of 27, a criminal history category of IV, and a sentencing range of 100 to 125 months imprisonment.[1] On December 19, 2003, the Court sentenced defendant to 120 months on the gun count (the statutory maximum for the that offense) and 125 months on the drug count, to be served concurrently.

---

[1]To calculate defendant's sentencing range, the Guidelines required that the two counts be grouped together, *see* U.S.S.G. § 3D1.2, with the drug count controlling because it produced the highest offense level. *See* U.S.S.G. § 3D1.3(a).

Effective November 1, 2007, the United States Sentencing Commission amended the Guidelines to provide for a two-level reduction in the base offense level for crack cocaine offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). After this amendment was made retroactively applicable, *see* U.S.S.G. App. C, Amend. 713 (Supp. 2008), defendant filed the pending motion, asking the Court to reduce his sentence to 60 months imprisonment, the statutory minimum for the drug offense.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(2), the Court is authorized to reduce a term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The first step in a § 3582(c) proceeding is "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," pursuant to U.S.S.G. § 1B1.10(b)(1). *See Dillon v. United States*, No. 09-6338, 2010 WL 2400109, *6 (U.S. June. 17, 2010). Here, it is undisputed that defendant is eligible for a sentence modification and that "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing" is 84-105 months. *Id.* (quoting § 1B1.10(b)(1)).

As for the extent of the reduction authorized, the Supreme Court's recent decision in *Dillon* makes clear that the Court is bound by Guideline § 1B1.10(b)(2), which provides that, unless the court originally imposed a sentence below the Guideline range, a court "may 'not reduce the term of imprisonment under 18 U.S.C. § 3582(c) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." *Id.* (quoting U.S.S.G.

§ 1B1.10(b)(2)(A)).  Accordingly, the Court simply lacks the power to reduce defendant's sentence to the requested 60 months imprisonment.

Having determined that the defendant is eligible for a reduced sentence, and that an 84-month term of imprisonment is the "extent" of the reduction authorized, the Court must proceed to "step two" of the inquiry and determine "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  *Id.*; *see also* 18 U.S.C. § 3582(c) ("the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").  Section 3553(a) provides that the following factors should be considered:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

. . .

     (5)     any pertinent policy statement--

           . . .

     (6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

     (7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The commentary to section 1B1.10 further provides that in addition to the § 3553(a) factors, the Court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" in determining "whether a reduction is the defendant's term of imprisonment is warranted" and "the extent of such reduction." U.S.S.G. § 1B1.10, Application Note 1(B).

    The Court originally sentenced defendant at the top of the applicable guideline range.[2] The government's position is that a reduced sentence of 105 months, the top of the amended guideline range, is appropriate because it "achieves parity with this Court's original guideline sentence, which incorporated Section 3553(a) factors that this Court considered in arriving at that sentence." (United States' Partial Opp'n to Mot. to Reduce Sentence at 7-8, Nov. 4, 2008.) Defendant, however, argues that the maximum possible sentence reduction is warranted for a number of reasons, including: (1) that even under the amended guidelines there remains an "unwarranted disparity" between sentences for powder and crack cocaine (e.g. for the same amount of powder cocaine, defendant's guideline range would be 27-33 months imprisonment

---

[2]As noted above, the Court only imposed a 120-month term of imprisonment on the gun offense because that was the statutory maximum.

(Mot. at 13); (2) that after receiving the 125-month sentence from this Court, defendant was sentenced to a consecutive 120-month term of imprisonment in relation to a Superior Court case (*id*. at 18-19); (3) that his post-conviction "behavior while incarcerated demonstrates that he is determined to put his life back on track" and become a "more productive citizen upon his release": for example, he has incurred only two minor disciplinary sanctions; he has earned a GED, and he has completed courses in a variety of subjects, including photography, real estate, commercial driver's license, and computer skills (*id.* at 19 & Ex. 2); and (4) that he was recently diagnosed with sarcoidosis, a serious medical condition. (Id. & Ex. 3.)

Having considered the above factors in light of § 3553(a) and U.S.S.G. § 1B1.10, the Court concludes that a reduction in defendant's term of imprisonment to 84 months is warranted. Reducing defendant's term of imprisonment to the minimum of the amended guideline range is more than sufficient to reflect the seriousness of the offense, to promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. Nor is a greater period of incarceration necessary to protect the public from further crimes of the defendant. To the contrary, due to the consecutive sentence imposed by Superior Court, he will be spending at least another 15 years in prison.

## CONCLUSION

Accordingly, for the reasons stated above, defendant's sentence of imprisonment on each count will be reduced to 84 months, to be served concurrently.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: June 23, 2010